## Ex parte BULLARD.

### BULLARD v. DAY, U. S. Marshal.
### No. 6499.

Circuit Court of Appeals, Ninth Circuit.
Oct. 26, 1931.

Littlefield & Helgerson, of Portland, Or., for appellant.

George Neuner, U. S. Atty., and Rex Kimmell, Asst. U. S. Atty., both of Portland, Or., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and WEBSTER, District Judge.

WILBUR, Circuit Judge.

This is an appeal from an order remanding appellant to the custody of the appellee for removal to the Southern district of California for trial on an indictment returned January 28, 1931, charging the appellant with the crime of conspiracy. Upon the hearing of the removal complaint on February 20, 1931, the government introduced the indictment, and appellant introduced evidence for the purpose of destroying the probative effect of the indictment. One of the overt acts alleged in the indictment for conspiracy to violate the National Prohibition Act was the sale by the appellant to one C. Y. Dingler, his codefendant, of a residence equipped with a still for the manufacture of intoxicating liquor in April, 1928; the house being No. 3234 Perlita street, in Los Angeles, Cal. The government offered as a witness one W. C. Richardson, who testified that appellant was living at the residence in question in the spring of 1928. Appellant admitted that he owned the residence in question and sold it to Dingler for $6,500. Appellant denied that at the time of the sale the house was equipped with a still or that he ever owned or operated a still, but he testified that the basement was divided into two rooms, and that one was closed in such fashion that the existence of the room could not be readily discovered. The door conformed to and resembled a part of the wall, which was covered by shelves upon which articles of personal property were placed to make it reasonably certain that the existence of the room would not be discovered. Appellants testified that the purpose of the construction of this secret room in which an alcoholic still was subsequently discovered was in order to have a safe place in which to store personal property, such as silverware, antique furniture, trunks, etc. A witness introduced by the government testified that the still in the secret basement vault of the house was operated in June, 1928, but he failed to definitely identify the appellant as one of those engaged in the operation. The witness was employed by Dingler to operate the still.

While the testimony of the appellant and his witnesses denying the existence of the still on the premises at the time of the alleged sale is consistent with innocence, the testimony does not expressly deny the alleged conspiracy between Dingler and appellant, nor is there any denial of the other alleged overt acts in furtherance of the alleged conspiracy in which appellant was not the principal actor; neither is his testimony entirely consistent, for he testifies that he sold the property in order that he could return to Oregon and take care of his interests there, and yet he remained in the neighborhood, occupying another house for nearly a year.

Appellant relies almost exclusively upon the principles announced in Johnson v. Hotchkiss (C. C. A.) 35 F.(2d) 914. These principles are well settled by the authorities therein quoted; that is to say, that, wherever there is affirmative proof unchallenged except by the indictment demonstrating lack of guilt, removal should be denied. In the case at bar the affirmative proof offered by the appellant did not demonstrate lack of guilt; on the contrary, it was entirely consistent with guilt, although of course inconsistent with the allegation that there was a still in the house at the time it was sold by the appellant to his codefendant. The evidence is sufficient to show probable cause for believing the appellant guilty of the alleged conspiracy.

The order of removal was proper. The court upon habeas corpus properly remanded the prisoner, and the order appealed from is affirmed.